# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE

| | | |
|---|---|---|
| LISA  TRANBARGER | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-241 |
| | ) | |
| STATE OF TENNESSEE | ) | |
| | ) | |

# O R D E R

This *Pro se* plaintiff has filed a complaint claiming that her "rights have been taken away."   As defendants, the plaintiff lists the State of Tennessee, the Department of Insurance and Commerce, Tom _____ (undecipherable), Farm Bureau, Southern Title Loans (Bristol), "Disability Determination Section", Tennessee Bar Association, Evan Meade, Mary Henry, Woodridge Hospital, Governor Phil Bredeson, President George Bush, and the United States Postal Service.   Plaintiff does not set forth the particular legal basis for her claims, but indicates that she has been diagnosed as being bipolar.   She alleges that in March of 1999 she was in a motor vehicle accident which caused her personal injury. She further alleges that the insurance company has not paid her for her claims, but does not directly indicate whether a lawsuit has been filed.   However, the plaintiff does allege that she is represented by counsel.   The plaintiff writes at length about

how she is suffering from mental anguish and depression, and that she has been unemployed for three years. She indicates that she feels the State of Tennessee is responsible in some way, and that she has written the Governor for the State of Tennessee and the President of the United States seeking help. In conclusion, she states that "I need help with all of this. This insurance company is wrong and I can prove it to the court." As prayer for relief, she says, "all I want is for justice to be done. The court should decide."

Pro se pleadings are liberally construed and held to less stringent standards than formal pleading drafted by lawyers. *McNeil v.United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, *pro se* status does not exempt the plaintiff from the requirement that she comply with the relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F. 2d 168, 171 (5th Cir. 1991). *Pro se* plaintiffs must comply with Rule 8 of the *Fed. R. Civ. P.* which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996). The complaint must give the defendants fair notice of

2

what the plaintiff's claim is and the grounds upon which it rests.   *Lillard*, 76 F. 3d at 726.   "In practice, 'A . . . complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under *some* viable legal theroy.'"   *Lillard*, 76 F. 3d at 726 (citations omitted).

Even taking the most liberal view and construction of the plaintiff's complaint, this Court cannot find that the complaint contains either a direct or inferential allegation respecting  the material elements necessary to sustain a recovery under some legal theory against these defendants.   Certainly neither the state nor federal government can be held accountable for the unfortunate circumstances in which the plaintiff finds herself.  Even if the plaintiff's complaint could be construed as setting forth some claim that the federal government has in some way violated her civil rights, the government would be immune from suit. *Humphrey v. U.S. Probation Dept.*, 2000 W.L. 876773, * 2 (6th Cir. 2000). Likewise, the State of Tennessee would be immune from suit.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).

To the extent the Court could take the huge leap required and construe the plaintiff's complaint as setting forth some claim of bad faith on behalf of the insurance companies or as setting forth a personal injury action relating to her motor vehicle collision, the Court would not be in the position to entertain the

3

plaintiff's claims, as the plaintiff's own allegations clearly set forth that she is already represented by counsel, who is presumably pursuing those matters in state court. To the extent that there are pending state proceedings, the exercise of federal jurisdiction would disrupt the comity between the federal and state courts. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987).

For the foregoing reasons, the Court finds that this plaintiff has failed to set forth sufficiently a cause of action which would entitle her damages from these defendants, and it is hereby **ORDERED** that the plaintiff's complaint is **DISMISSED** as frivolous pursuant to 28 *U.S.C.* § 1915(c)(2)(B)(I).

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4